Suarez v Four Thirty Realty LLC (2019 NY Slip Op 01307)





Suarez v Four Thirty Realty LLC


2019 NY Slip Op 01307


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8455 160035/15

[*1]Mario Suarez, et al., Plaintiffs-Respondents-Appellants,
v
Four Thirty Realty LLC, et al., Defendants-Appellants-Respondents.


Horing, Welikson & Rosen, P.C., Williston Park (Niles C. Welikson of counsel), for appellants-respondents.
Sokolski & Zekaria, P.C., New York (Robert E. Sokolski of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 23, 2018, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint as against Four Thirty Realty LLC, and granted plaintiffs' cross motion for summary judgment dismissing the fourth and fifth affirmative defenses and the sixth except as it applies to the third cause of action, and denied the cross motion for summary judgment declaring that the apartment is rent stabilized and that plaintiff Suarez is a rent stabilized tenant thereof, unanimously modified, on the law, to grant plaintiffs' motion to the extent of declaring that apartment 9H in the building located at 430 East 86th Street in Manhattan is a rent-stabilized unit and that plaintiff Suarez is entitled to a rent-stabilized lease, and otherwise affirmed, without costs.
Defendants argue that plaintiffs' claims, that the subject apartment was improperly removed from rent stabilization, and for a rent-overcharge and attorneys' fees, are barred by the doctrine of collateral estoppel (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 201 [1st Dept 2011], appeal withdrawn 18 NY3d 954 [2012]). Defendants are correct that plaintiffs had a full and fair opportunity to participate in the proceedings held 13 years earlier before New York State Division of Housing and Community Renewal (DHCR) that resulted in the deregulation of plaintiffs' apartment pursuant to high income deregulation law. However, plaintiffs' present claims raise an issue that was not raised or litigated in the prior DHCR deregulation proceedings, i.e., whether their apartment was subject to re-regulation when they entered into a new market rate lease at a time when the building was still receiving J-51 tax benefits (see Leight v W7879 LLC, 128 AD3d 417 [1st Dept 2015], affd 27 NY3d 929 [2016]; Extell Belnord LLC v Uppman, 113 AD3d 1, 11 [1st Dept 2013]).
Accordingly, Supreme Court should have granted plaintiffs' motion for summary judgment declaring that apartment 9H in the building located at 430 East 86th Street in Manhattan is a rent-stabilized unit and that plaintiff Suarez is entitled to a rent-stabilized lease (see Roberts v Tishman Speyer Props, L.P. 13 NY3d 270 [2009] [apartments restored to rent stabilization because the owner deregulated the apartments pursuant to the luxury decontrol laws while it was receiving tax benefits under the City's J-51 program; Gersten v 56 7th Ave. LLC., 88 [*2]AD3d at 198 [applying Roberts retroactively]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK